UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 08-22063-CIV-MORENO**

PERLA CORRALES,

Plaintiff,

vs.

JOSE MIGUEL BELLO and JOSE OSIRIS BELLO,

Defendants.
_______________________________________/

CLOSED CIVIL CASE

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Complaint **(D.E. No. 6)**, filed on **August 22, 2008**.

THE COURT has considered the motion, response, reply and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **GRANTED** for the reasons stated below.

## I. Background

Plaintiff was a live-in domestic service employee who attended to Defendants' paralyzed father. Plaintiff worked an average of 144 hours per week for approximately two years and was paid an average of $2.43 per hour. Plaintiff filed this action alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiff the correct minimum wage. Defendants moved to dismiss the complaint on the grounds that companions to the elderly and infirm are exempt from minimum wage requirements under the FLSA.

## II. Legal Standard

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff. *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 1974. Dismissal is appropriate when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Milburn v. U.S.,* 734 F.2d 762, 765 (11th Cir. 1984).

## III. Legal Analysis

The FLSA mandates, subject to certain exemptions, that every employer pay each of his employees a minimum wage. 29 U.S.C. § 206(a)(1). Specifically covered under this act are "employees in domestic service" who work in a household for more than 8 hours in the aggregate per week. 29 U.S.C. § 206(f). However, there is an exemption for employees in domestic service who "provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves." 29 U.S.C. § 213(1)(15). Thus, employees such as Plaintiff, who provided companionship services for Defendant's paralyzed father, are *not* covered under the FLSA and Defendants are *not* required to pay Plaintiff a minimum wage.

Plaintiff alleges that the exemption for employees who provide companionship services does *not* apply to "live-in" employees and therefore "live-in" employees are entitled to minimum

wage. First, Plaintiff states that the express language of the statute shows that the exemption applies to those employed "'on a casual basis in domestic service employment' not to live-in caregivers." Plaintiff, however, misquotes the statute. The exemption applies to:

> "any employee employed on a casual basis in domestic service employment to provide babysitting services **or** any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves"

29 U.S.C. § 213(1)(15) (emphasis added). As per the statute, the exemption applies to those employed on a *casual basis to provide babysitting services* or those employed *to provide companionship services*. *Id.* Based on the grammatical structure of the statute, the term "casual basis" refers to "babysitting services," not "companionship services." *Id.;* 29 C.F.R. § 552.106 ("The 'casual' limitation does not apply to companion services."). As the statute does not differentiate between "casual/non-live-in" and "live-in" employees who provide companionship services, it applies to *both* and any employee who provides companionship services is not entitled to minimum wage.

Second, Plaintiff cites 29 C.F.R. § 552.102(a) in support of her position. 29 C.F.R. § 552.102(a) states that employers must pay domestic service employees minimum wage whether they are "live-in" employees or not. Of course, however, there is an exemption for domestic service employees who "provide companionship services" without regard to whether they are "live-in" employees or not. 29 U.S.C. § 213(1)(15). Thus, any employee, like Plaintiff, who provides companionship services is *not* entitled to minimum wage.

Finally, Plaintiff, in a footnote, states that even if this Court finds that "live-in" employees are subject to the companionship exception, the Court should deny Defendants'

Motion to Dismiss as Plaintiff, through discovery, may be able to show that the companionship exemption does not apply to her. Plaintiff cites 29 C.F.R. § 552.6 which states:

> As used in section 13(a)(15) of the Act, the term companionship services shall mean those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services. They may also include the performance of general household work: *Provided, however*, That such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked.

Thus, Plaintiff suggests that, through discovery, she may be able to show that she did "general household work" unrelated to the care of Defendants' paralyzed father for more than 20 percent of the time that she worked, so that she would be entitled to minimum wage. One need only read the plain language of Plaintiff's Complaint to determine that Plaintiff can show no such set of facts:

> Due to Defendants' father's deteriorated health condition, Plaintiff was required to work 24 hours per day tending to him and was constantly required during the nocturnal hours to care for him as well. Plaintiff was unable to sleep for more than (3) hours at night on the average because the Defendants' father would constantly need her help around the clock. Therefore, Plaintiff is claiming that the nocturnal hours count as "work" time . . .

Complaint ¶ 10. As Plaintiff herself alleges that she provided companionship services 24 hours per day, the companionship exemption applies to her and she is not entitled to minimum wage.

As Plaintiff can prove no set of facts that would entitle her to relief, Defendants' Motion to Dismiss is granted.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of February, 2009.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record